# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2022

Lyle W. Cayce
Clerk

No. 21-50884

Thomas Fedesna,

*Plaintiff—Appellant*,

*versus*

The Canada Life Assurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-546

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

This court has carefully considered the briefs and pertinent portions of the record in the above-styled appeal. Having done so, we find no reversible error of law or fact in the comprehensive district court opinion and therefore AFFIRM for the following reasons.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50884

Thomas Fedesna, who began practice as a chiropractor in the 1970s, bought an individual total disability insurance contract in 1985. In 2011 he fell off a ladder and injured his back, neck, and arms. Fedesna made a claim on his disability insurance contract and Canada Life Assurance (CLA) paid him $4,500 a month for five years. At the five-year mark, however, the terms of the contract triggered a shift in Fedesna's coverage, and the $4,500 payments were stopped because Fedesna was not totally disabled under the terms of the contract.

Here are the relevant terms from the contract:

"Total Disability means that you are unable, due to injury or sickness, to engage in your regular occupation. This definition changes after benefits have been payable during any one continuous disability for the longer of (a) 60 months (b) to your age 55. Total disability will then mean that you are unable, due to injury or sickness, to engage in any gainful occupation. Any gainful occupation means work for which you are reasonably suited by your education, training[,] and experience."

In other words, Fedesna's insurance coverage shifted from a policy covering an inability to "engage in [his] regular occupation," i.e. chiropractic medicine, to covering an inability "to engage in any gainful occupation."

Fedesna argues that any attempt at distinguishing the initial coverage language from the time-triggered coverage language is futile, and that in the time-triggered language the words "any gainful occupation" refer to whatever gainful occupation Fedesna was capable of obtaining at the time of his disability, not five years post-injury. He contends his interpretation is reasonable but also that CLA's contrary interpretation is also reasonable, therefore an ambiguity exists as well as a fact issue over the contract terms, and a trial is necessary to sort it all out. *See Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 890 (5th Cir. 2018) (if, after applying the rules of construction a policy provision is "subject to two or more reasonable interpretations, that

2

provision is ambiguous"). CLA replies that Fedesna's interpretation is unreasonable, and the only reasonable interpretation is that "any gainful occupation" means exactly what it says with no requirement to ignore the present circumstances of the insured. To read the clause as Fedesna does would, according to CLA, make the clause largely superfluous.

"If a policy provision is ambiguous, the court must adopt the insured's construction of the provision, 'as long as that construction is not unreasonable, even if the construction urged by the insurer appears more reasonable or a more accurate reflection of the parties' intent.' *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Hudson Energy Co.*, 811 S.W. 2d 552, 555 (Tex.1991). If, however, the policy provision is susceptible of only one reasonable interpretation, the court must enforce the provision as written. *Id.*" *Lubbock Cnty. Hosp. Dist. v. Nat'l Union Fire Ins. Co.*, 143 F.3d 239, 242 (5th Cir. 1998).

The CLA's interpretation is correct. There is no cabining phrase within the post-60-month-coverage-clause that would indicate that "any gainful occupation" means only occupations Fedesna could undertake prior to his injury. The deletion of the word "regular" and inclusion of the word "any" are dispositive, and Fedesna's alternative interpretation cannot carry his burden to show ambiguity. Further, Fedesna's arguments about how the employment he qualifies for nonetheless does not constitute "any gainful employment" falls short. For example, he argues that he cannot sell medical devices to chiropractors, even though all it requires is an undergraduate degree and 1-2 years of experience. Fedesna holds a doctorate and has over 30 years of experience. Therefore, because there is only one reasonable interpretation of the policy language, under the guiding principle expressed in *Lubbock,* the judgment is AFFIRMED.